69-15/MEU
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiffs
549 Summit Ave
Jersey City, NJ 07306
(212) 425-1900
(212) 425-1901 (Pfax)

RECEIVED
FEB 23 2015
AT 8:30
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------x
NIPPON YUSEN KABUSHIKI KAISHA, a/k/a
NYK LINE and NYK LINE (NORTH AMERICA)
INC.,

                Plaintiffs,

  -against-

VICTOR KRAIEM, KIDS APPAREL
CLUB, INC, and S.W.A.K. KIDS, INC.,

                Defendants.
---------------------------------------------------------------x

15 Civ _____ (____)

**VERIFIED COMPLAINT**

Plaintiffs NIPPON YUSEN KABUSHIKI KAISHA, a/k/a NYK LINE ("hereinafter, "NYK") and NYK LINE (NORTH AMERICA) INC. (hereinafter, "NYK LINE") for their Verified Complaint against Defendants VICTOR KRAIEM (hereinafter "Kraiem"), KIDS APPAREL CLUB, INC. (hereinafter, "Kids Apparel") and S.W.A.K. KIDS, INC. (hereinafter, "SWAK Kids") allege upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's diversity jurisdiction pursuant to 28 U.S.C. §1332.

2. At all times relevant hereto, NYK is and was a corporation incorporated in Japan, with an address and place of business at F8-9, Sumitomo Shoji Nishikicho Bldg., 1-6 Kanda

429988.1

Nishiki-cho, Chiyoda-ku, Tokyo 101-0054, Japan, and at all times relevant was a common carrier of goods by water for hire.

3. At all times relevant hereto, NYK Line is and was a corporation incorporated in the State of Delaware, with an address and place of business at 300 Lighting Way, Secaucus, NJ 07094, and at all times relevant was a common carrier of goods by water for hire.

4. At all times relevant hereto, Kraiem is and was an owner, officer and/or director of Kids Apparel and/or SWAK Kids.

5. At all times relevant hereto, Kids Apparel is and was a corporation incorporated in the State of New York, with an address and place of business at 34 West 33rd Street, New York, NY 10001.

6. At all times relevant hereto, SWAK Kids is and was a corporation incorporated in the State of New York, with an address and place of business at 34 West 33rd Street, Suite 402, New York, NY 10001.

7. Defendant Kraiem has no office or place of business within this District, nor is the Defendant considered "found" within this District for the purposes of an attachment under Admiralty Supplemental Rule B(1).

8. Defendant Kids Apparel has no office or place of business within this District, nor is the Defendant considered "found" within this District for the purposes of an attachment under Admiralty Supplemental Rule B(1).

9. Defendant SWAK Kids has no office or place of business within this District, nor is the Defendant considered "found" within this District for the purposes of an attachment under Admiralty Supplemental Rule B(1).

## FACTS

10. On or about July 7, 2014, NYK contracted with KINTETSU WORLD EXPRESS, INC. (hereinafter, "Kintetsu") to transport two containers (NYKU4129525 and NYKU8204479) containing girls clothing (hereinafter, "the goods") from Shanghai to New York.

11. NYK Line is the North American general agent for NYK and is responsible for handling all matters involving cargo shipped to or from the United States, including the cargo's release to the consignee after proper formalities have been completed such as the payment of freight, demurrage, etc. and approval for the release being granted by the shipper.

12. NYK issued its bill of lading No. NYKS2375301940 for the two containers to Kintetsu, an international freight forwarder and booking agent located in Tokyo, Japan, which was identified as the shipper under the NYK bill of lading.

13. Kintetsu subsequently issued its own bill of lading for the transport of the goods from Shanghai to New York listing ZHENJIANG NANTAI FOREIGN ECONOMY & TRADE CO., LTD. (hereinafter, "Zhenjiang"), as the shipper, and SWAK Kids, as the consignee.

14. On or about July 28, 2014, the goods arrived in New York aboard the E.R. DALLAS without incident and were discharged at NEW YORK CONTAINER TERMINAL (hereinafter, "NYCT").

15. On or about July 28, 2014, a representative from Kintetsu instructed a representative from NYK Line to place a hold on the containers and to not release the containers to the consignee (SWAK Kids) until Kintetsu provided instructions to do so. Kintetsu advised NYK Line that the reason for the hold was because the consignee under the Kintetsu bill of lading had not paid the shipper (Zhenjiang) for the goods. Therefore, title to the goods remained with the shipper (Zhenjiang) and had not yet transferred to the consignee (SWAK Kids).

16. After several days "free time" following their discharge from the vessel, the containers began to accrue demurrage (i.e., storage) charges from the terminal, NYCT.

17. On or about August 26, 2014, Kraiem used a credit card to pay NYCT the outstanding demurrage of $6,735 for container NYKU4129525 and an additional $6,735 for container NYKU8204479.

18. On or about August 27, 2014, Kraiem contacted NYK Line's customer service department, misrepresented that he was associated with Kintetsu, advised that the consignee had paid the shipper, that the demurrage charges had been paid, and requested the release of the two containers.

19. Based on the misrepresentations made by Kraiem, the NYK Line representative believed Kraiem to be a broker with Kintetsu. The NYK Line representative verified that the NYCT demurrage charges had been satisfied, removed the holds which had been placed on the containers and instructed NYCT that the containers were released to the care, custody, and control of the consignee under the Kintetsu bill of lading (SWAK Kids).

20. Following the provision of instructions by NYK Line to NYCT to release the containers, it is understood that Kraiem, Kids Apparel, and/or SWAK Kids arranged to have the containers picked up by PORTEX INC., a trucking company, and delivered to an unknown location.

21. Despite Kraiem's implied and/or express misrepresentation(s) that SWAK Kids had paid the shipper Zhenjiang for the goods, in fact SWAK Kids never paid Zhenjiang and title in the goods never passed from Zhenjiang to SWAK Kids or any other person or entity.

22. On or about December 29, 2014, Zhenjiang filed suit against Kintetsu for breach of contract in the Shanghai Maritime Court, alleging that it suffered a loss in the amount of

$48,432 and demanding damages on this principal sum plus interest and costs, including attorneys' fees.

23. In turn, Kintetsu has filed a claim against NYK and NYK Line for indemnity as to all sums which it is adjudged due and owing to Zhenjiang.

24. On February 17, 2015, the Plaintiffs filed suit in New York State Supreme Court, New York County (Index No. 650454/2015) against the Defendants asserting causes of action for fraud, tortious interference with contract, conversion, indemnification/contribution, punitive damages, along with interest and costs including attorneys' fees. A copy of the Complaint is attached as Exhibit A.

25. This action is brought in order to obtain security against which a judgment of the New York Court in the Plaintiffs' favor may be enforced.

## REQUEST FOR RULE B RELIEF

26. Upon information and belief, and after investigation, Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiffs believe that Defendants, either individually or collectively, have, or will shortly have, assets within this District comprised of, *inter alia*, cargo, goods, and/or merchandise of, belonging to, due or for the benefit of the Defendants, either individually or collectively (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in Defendant(s)' name being delivered to the care custody and control of various container terminal operators or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

27. The total amount sought to be attached pursuant to the above is **$ 100,000**.

WHEREFORE, Plaintiffs pray:

a. That process in due form of law according to the practice of this Court may issue against Defendants citing them to appear and answer the foregoing;

b. That if Defendants cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendants, up to and including **$100,000** be restrained and attached, including, but not limited to any cargo, goods and/or merchandise of, belonging to, due or being transferred from or for the benefit of Defendants Kraiem, Kids Apparel, and SWAK Kids, including but not limited to ASSETS in his/their name and/or being transferred for his/their benefit, at, through, or within the possession, custody or control of such container terminal operators and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary; and

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: Jersey City, New Jersey
February 20, 2010

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs

By: _____
Michael E. Unger
549 Summit Ave.
Jersey City, NJ 07306
(212) 425-1900
(212) 425-1901 (fax)

429988.1

## VERIFICATION

State of New Jersey  )
                     ) ss.:
County of Hudson     )

ROBERT SHABABB, being duly sworn, deposes and says as follows:

1. I am the Director and Corporate Counsel of the Plaintiff NYK Line and I have personal knowledge of the facts and circumstances surrounding this case.

2. I have read the foregoing Verified Complaint and know the contents thereof, and that the same are true to the best of my knowledge, information and belief. The sources of my information and the grounds for my belief are communications and exchanges between NYK Line and Kraiem and my personal involvement in this matter.

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. Section 1746.

_____
ROBERT SHABABB

Sworn to before me this
20th day of February 2015

_____
Notary Public

JACOB K. LEE
NOTARY PUBLIC, State of New Jersey
No. 2326044
Qualified in Bergen County
Commission Expires March 07, 2015

429988.1