UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| NIPPON YUSEN KABUSHIKI KAISHA, a/k/a NYK LINE, and NYK LINE (North America) Inc., <br><br> Plaintiffs, <br> v. <br><br> VICTOR KRAIEM; KIDS APPAREL CLUB, INC.; and S.W.A.K. KIDS, INC., <br><br> Defendants. | Civil Action No. <br><br> 2:15-CV-01364-SDW-SCM <br><br> **OPINION AND ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND** <br><br> **[D.E. 10]** |

I.  **INTRODUCTION**

This matter comes before the Court on Plaintiff's Motion for Leave to File a First Amended Complaint ("Motion to Amend"). (ECF Docket Entry ("D.E.") 10). The Complaint is a *quasi in rem* action and Plaintiffs seek to amend the Complaint to increase the value in their interest of the Defendants' property. Plaintiffs allege that since the time of filing, the value of their underlying state claim secured by the requested relief has increased and this *quasi in rem* action should reflect that increase in value. The Court has considered the papers filed in support of this uncontested Motion and **GRANTS** Plaintiff's Motion to Amend.

1

## II. § 636, MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized by 28 U.S.C. § 636(b)(1)(A) to decide any non-dispositive motion designated by the Court. This District has specified that magistrate judges may determine any non-dispositive pre-trial motion. L.Civ.R. 72.1(a)(1). Motions to amend are non-dispositive. *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3rd Cir. 1998)(citing *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993) (motion to amend is nondispositive); see also *Pyca Indus. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir.1996) (motion to amend is nondispositive in context of Fed.R.Civ.P. 54(b) certification). Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. BACKGROUND

### A. Procedural History

This matter involves a Rule B action under the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions ("Rule B Action") to obtain security for a claim. *See* (ECF Docket Entry ("D.E.") 1, Compl.). Plaintiffs Nippon Yusen Kabushiki and NYK Line (North America) Inc. are seeking to attach cargo allegedly owned by or in which an interest is held by defendants Victor Kraiem, Kids Apparel Club, Inc, and S.W.A.K. Kids, Inc. (the "Defendants").

2

The underlying claim stems from the alleged non-payment for shipment of two cargo containers of children's clothing from China to New York. (Id.). Plaintiffs filed suit in New York state against Defendants asserting causes of action for fraud, tortious interference with contract, conversion, indemnification/contribution and punitive damages in addition to interest and costs including attorney's fees. (D.E. 1 at ¶ 24).

Plaintiffs allegedly contracted with non-party Kintetsu to arrange the transport of the shipping containers via several Chinese shipping companies. (Id.) Upon arrival in New York, the shipping containers were placed on hold by Kintetsu pending Defendants payment for demurrage and the amounts owed to the Chinese shipping companies for the goods. (D.E. 1 at ¶ 15, 16).

In response to this hold, Defendants allegedly misrepresented to Plaintiffs that payment had been remitted for both the shipping and demurrage, thus inducing Plaintiffs to release the containers to Defendants. (Id. at ¶ 18, 19). However, Defendants allegedly only paid for demurrage and not the amount owed. (Id. at ¶ 21).

As a result of Kintetsu's alleged failure to obtain payment for the shipping before releasing the goods, the shipping companies filed suit against Kintetsu for breach of contract (the "Chinese litigation"). (Id. at ¶ 22, 23). In response, Kintetsu asserted a claim against plaintiffs seeking indemnity.

3

(Id. at ¶ 22, 23). The amount of damages in the complaints are based on the value of cargo identified in the issued bill(s) of lading associated with the children's clothing. (Id.).

The action at bar was filed to obtain security in satisfaction of any judgment awarded in the New York litigation. (Id. at ¶ 25).

### B. Proposed Amended Complaint

#### 1. Amendment to the Amount Sued For

Plaintiffs seek to amend the complaint to increase their secured interest of the subject property to match their claimed damages in the New York litigation. *See* Proposed Amended Complaint at ¶27 (D.E. 10-2). Plaintiffs state these damages are calculated to equal "the principle sums being claimed by the Chinese shippers against Kintetsu in the Chinese litigation, plus interest and costs regarding Chinese litigation, plus interest costs and attorneys' fees in respect to the indemnity claim asserted by Kintetsu against" plaintiff. (Id.).

In the letter brief accompanying their Motion to Amend, plaintiffs state that the damages at issue in the Chinese litigation when this action was commenced was only based on one single bill of lading issued by Kintetsu in the amount of $48,323. (D.E. 10 at 2). However, since the filing of their original complaint to this Court, plaintiffs were allegedly

4

informed that Kintetsu had issued four separate bills of lading for the children's clothing for a principle sum of $185,766.80. (Id.). Plaintiffs are seeking to increase the dollar amount of the attachment at bar to $250,000 which represents the principle sum in the Chinese litigation plus projected costs, interest, and attorneys' fees associated with the Chinese litigation and the indemnity action instituted by Kintetsu. (Id.).

### III. DISCUSSION AND ANALYSIS

    1.    **Motion to Amend**

Federal Rule of Civil Procedure 15(a) governs pleading amendments, allowing an amendment either through the court's leave or the opposing party's written consent. The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). Under the liberal rule, the Court must "freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). This ensures that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (internal citations omitted). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend. *Grayson v. Mayview State Hosp.*, 292 F.3d 103, 108 (3d

5

Cir. 2002). "[G]iven the liberal standard for the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *See Brant Screen Craft, Inc. v. Watermarc Graphics, Inc.*, No. 10-3843(DMC), 2012 WL 2522972, at *2 (D.N.J. June 28, 2012) (internal citations omitted).

"In assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *U.S. Fire Ins. Co. v. Kelman Bottles*, 538 F. App'x. 175, 184 (3d Cir. 2013) (internal citations and quotations omitted). Under this standard, a complaint "merely has to state a plausible claim for relief," as the pleading standard "is not akin to a probability requirement." *Covington v. International Association of AP-Proved Basketball Officials, et al.*, 710 F.3d 114, 118 (3d Cir. 2013) (citing *Iqbal v. Twombly*, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (internal citations and quotations omitted).

"[T]he District Court determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff." *Great Western Mining & Mineral Co.*

*v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (internal citations and quotations omitted). If the complaint, as amended, fails to state a claim upon which relief could be granted, then the amendment is futile. *See id.* In determining whether a proposed amendment is futile, "the court looks only to the pleadings." *Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F.Supp. 2d 761, 765 (D.N.J. 2000). "If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper." *See Brant Screen Craft, Inc.*, 2012 WL 2522972, at *2 (internal citations and quotations omitted) (emphasis in original).

    2.  **<u>Analysis</u>**

A Rule B attachment is a *quasi in rem* proceeding which permits the assertion of jurisdiction over a defendant's property located within the district even though the court has no *in personam* jurisdiction over the defendant. *Western Bulk Carriers, Pty. Ltd. v. P.S. Internat'l, Ltd.,* 762 F.Supp. 1302, 1305 (S.D.Ohio 1991); *Transamerica Leasing Inc. v. Frota Oceanica E. Amazonica, S.A.,* 1997 WL 834554, *2 (S.D.Ala.1997). Four prerequisites must be met by the plaintiff to secure a writ of attachment: (1) the plaintiff has an *in personam* claim against the defendant; (2) the defendant cannot be found within the district where the action is commenced; (3) property

7

belonging to the defendant is present, or soon will be present, within the district; and (4) there is no statutory or general maritime law proscription to the attachment. *Western Bulk Carriers*, 762 F.Supp. at 1306.

Here, the proposed amended complaint satisfies these four requirements. First, Plaintiffs have identified the named Defendants and have filed an *in personam* complaint in New York state court to assert their rights under that claim. (D.E. 1-2). Second, Plaintiffs have attempted to locate the Defendants in this District and supplied an affidavit stating that Defendants cannot be found here. (D.E. 10-2 at 7). Third, Plaintiffs believe that Defendants "have, or will shortly have, assets within this District comprised of, inter alia, cargo, goods, and/or merchandise." (Id.). Lastly, Plaintiffs and the Court have not identified any proscription against the attachment in either maritime or statutory law.

In discussing the propriety of granting leave to amend, Wright & Miller stated that, "[p]erhaps the most important factor listed by the Court and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading." 6 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1487 (Civil 2d 1990). This is not the

case. Plaintiffs, in their motion for leave "seek to amend their filings in the Rule B Action to increase the value of the cargo sought to be attached to $250,000." (D.E. 10 at 3). Raising this issue now, less than three months after filing their original complaint and prior to the beginning of discovery, will not cause the defendants undue prejudice. Moreover, Plaintiffs were only informed of the alleged additional bills of lading recently on March 10, 2015 and their Motion to Amend was filed soon thereafter. (Id.). Therefore, the Court finds no bad faith or dilatory motive in their Motion to Amend.

Additionally, for the reasons set forth below, the Court finds that Plaintiffs' proposed Complaint is pled with sufficient particularity as required under the Federal Rules. Under Rule B, when "a defendant is not found within the district where a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property--up to the amount sued for--in the hands of garnishees named in the process." Fed.R.Civ.P. SUPP AMC B(1)(a). Additionally, the rule requires that "[t]he plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the

9

defendant cannot be found within the district." Fed.R.Civ.P. SUPP AMC B(1)(b).

Here, Plaintiffs filed an amended prayer for process to attach the Defendants' property in the amount of $250,000 in their motion to Amend as required under the Federal Rules. *See* (D.E. 10-4). Additionally, Plaintiffs' attorney signed and filed an affidavit stating that, based on an investigation near the time of filing, Defendants could not be found in this district in satisfaction of the second requirement under the Federal Rules. *See* D.E. 1-3. Because Rule B's requirements are satisfied, and because the Court does not find any undue delay, unfair prejudice, bad faith, or dilatory motive, Plaintiffs shall be permitted to amend their complaint to reflect attachment in the amount of $250,000.

### IV. **CONCLUSION**

As discussed at length, *supra*, the proposed pleading states claims upon which relief may be granted. Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this Tuesday, September 29, 2015,

1. **ORDERED** that Plaintiffs' Motion to Amend (D.E. 10) is **GRANTED**; and it is further
2. **ORDERED** that Plaintiffs shall file their amended pleading within the next seven days; and it is further

10

3. **ORDERED** that defendants whom have been served shall respond to the amended pleading within fourteen days as required by Rule 15(a)(3).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/29/2015 2:40:34 PM

```
Original: Clerk of the Court
cc: All parties
    File
```